**Order entered November 5, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00595-CV

**BILLY SCHOPPE AND CANDACE SCHOPPE, Appellants**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY LOAN TRUST 2005-7 AND WELLS FARGO BANK, N.A., Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-10731**

## ORDER

Before the Court is appellants Billy Schoppe and Candance Schoppe's October 9, 2013 document entitled "Appellants' Filing of Order Confirming Chapter 13 Plan" (appellants' filing), Billy Schoppe's October 17, 2013 notice of bankruptcy filing, and appellees' Deutsche Bank National Trust Company as Trustee for Morgan Stanley Loan Trust 2005-7 and Wells Fargo Bank, N.A., October 25, 2013 response to the Schoppes' filing of the order confirming a Chapter 13 plan.

The record reflects the final judgment was signed by the trial judge on April 26, 2012. The notice of appeal was filed on May 4, 2012. The clerk's record was filed on June 26, 2012. The Schoppes' brief was filed on July 26, 2012. Wells Fargo filed its brief on September 26,

1

2012 and Deutsche Bank filed its brief on November 1, 2012. In addition, the parties have filed motions seeking extensions of time, on which this Court ruled, and a supplemental clerk's record was filed.

This Court heard oral argument of this appeal on October 8, 2013. During rebuttal at the oral argument, counsel for the Schoppes represented to and advised this Court, for the first time, that Billy Schoppe had filed for Chapter 13 bankruptcy after the final judgment in this case was signed. Counsel for the Schoppes also represented that a Chapter 13 plan was confirmed while this appeal was pending, the plan addressed the status of this case, including the Schoppes obligations to Deutsche Bank and Wells Fargo, and the confirmed plan granted relief from the automatic stay permitting this appeal to proceed. In response to inquiry by this Court, counsel for the Schoppes represented there had been no notice of the bankruptcy sent to this Court prior to this statement at oral submission. In addition, counsel for Deutsche Bank and Wells Fargo stated they had no personal knowledge of the bankruptcy proceedings.

On October 9, 2013, the Schoppes filed appellants' filing. Attached to appellants' filing was a certified copy of the order confirming the Chapter 13 plan. The Schoppes directed this Court to the following language in the certified plan to support their claim that this appeal may proceed:

> The Debtor is currently in litigation with the lender secured by his home. Notwithstanding any other provision of this plan, and because of this dispute, this plan does not propose that the Debtor make monthly direct payments to Deutsche Bank/Americas Servicing during the pendency of the litigation.

The Schoppes also argued in appellants' filing, in the alternative, that the automatic stay does not apply to this appeal because it does not reach causes of action prosecuted by a borrower pursuant to *In re U.S. Abatement*, 39 F.3d 563, 568 (5th Cir. 1994).

On October 16, 2013, this Court noted that appellants' filing and the attached confirmed plan did not satisfy the notice requirement of Texas Rule of Appellate Procedure 8.1 and the quoted language in the confirmed plan did not contain a clear statement indicating that "the bankruptcy court has lifted or terminated the stay." *See* TEX. R. APP. P. 8.1, 8.3. As a result, this Court ordered the Schoppes to file a notice of bankruptcy in compliance with Texas Rule of Appellate Procedure 8.1. Also, this Court ordered Deutsche Bank and Wells Fargo to file a response to appellants' filing.

On October 17, 2013, in compliance with this Court's order, Billy Schoppe filed his notice of bankruptcy. The bankruptcy proceeding is styled "In re Billy Wayland Schoppe, " case no. 12-41768, and is before the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division. Billy Schoppe's petition for Chapter 13 bankruptcy was filed on July 2, 2012. Only the notice of appeal, docketing statement, and clerk's record were filed before Billy Schoppe filed his petition for Chapter 13 bankruptcy.

On October 25, 2013, Deutsche Bank and Wells Fargo filed their response to appellants' filing of the order confirming the Chapter 13 plan. In that response, they argue the automatic stay is measured by the posture of the parties at trial and applies to this case because Billy Schoppe has appealed Deutsche Bank's judgment on its counterclaim. They request this Court to require Billy Schoppe to obtain relief from the automatic bankruptcy stay before this appeal proceeds further.

This Court is concerned that counsel for the Schoppes, long after the notice of appeal was filed, notified this Court for the first time at oral submission that a bankruptcy proceeding had been filed by Billy Schoppe. The failure of counsel for the Schoppes to timely notify this Court of the bankruptcy proceeding has resulted in the waste of valuable time of the litigants and this

3

Court.  At this time, this Court **RESERVES** consideration of counsel for the Schoppes' action in failing to follow the law and rules as to timely notification of the bankruptcy and the effect on the parties, this case, and this Court.

This Court **REMOVES** this case from submission.

Pursuant to 11 U.S.C. § 362, further action in this cause is automatically stayed. *See* TEX. R. APP. P. 8.2.  Accordingly, for administrative purposes, this cause is **ABATED** and will be treated as a closed case.  It may be reinstated on prompt motion by any party showing that the stay has been lifted and specifying what further action, if any, is required from this Court. *See* TEX. R. APP. P. 8.3.


/s/     DOUGLAS S. LANG
        JUSTICE

4